IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NIARRIE N. DODDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-CV-00616 |
| TOPGOLF USA CHESTERFIELD, LLC, | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Topgolf USA Chesterfield, LLC, hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, State of Missouri. In support of its Notice of Removal, Defendant states as follows:

1. Plaintiff Niarrie N. Doddson ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Louis County, Missouri on April 21, 2021, by filing her Petition in the cause styled *Niarrie N. Doddson v. Topgolf USA Chesterfield, LLC*, Case No. 21SL-CC01800, against Defendant Topgolf USA Chesterfield, LLC.

2. On April 29, 2021, Defendant was served a summons and a copy of the Petition.

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. This action arises from Plaintiff's alleged employment with Topgolf USA Chesterfield, LLC.

5. In her Petition, Plaintiff brings claims under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq.* ("MHRA") for race discrimination (Count I), gender discrimination (Count II), and retaliation (Count III).

6. Venue is proper in this Court because Plaintiff filed her Petition in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction. 28 U.S.C. § 1441(a).

7. The Court has original jurisdiction over the state court action under 28 U.S.C. § 1332 because all of the parties are citizens of different states and the amount in controversy exceeds $75,000.

## I.   DIVERSITY OF CITIZENSHIP

8. At the time this action was filed and at all times since, Plaintiff was a citizen of the state of Missouri. *See* Plaintiff's Petition ¶ 11.

9. At the commencement of this action and at all times since, Topgolf USA Chesterfield, LLC has been a Limited Liability Company.

10. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "Thus, for LLCs . . . the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction." *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015). "For any members of LLCs that are limited liability companies . . . . facts concerning their underlying members . . . must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be." *Id.* "Defendant must plead facts as to the state(s) of citizenship of all of its members, and its member's members, both at the time of filing and of removal." *Id.*

11. Defendant asserts that Topgolf USA Chesterfield, LLC, is not a proper party to this suit, and has been fraudulently joined, because it did not have an employment relationship with Plaintiff that would be the necessary predicate to an action under the MHRA. Defendant asserts

that Plaintiff's employer was Topgolf Payroll Services, LLC.

12. However, for purposes of establishing diversity jurisdiction, it does not matter whether Plaintiff's employer was Topgolf USA Chesterfield, LLC, or Topgolf Payroll Services, LLC, because at the commencement of this action and at all times since, none of the members of either of those two entities have ever been citizens of Missouri.

13. The sole member of Defendant Topgolf USA Chesterfield, LLC, at the commencement of this action and at all times since, has been TG Holdings I, LLC, which is a limited liability company organized under the laws of the state of Delaware. The sole member of TG Holdings I, LLC, is Top Golf USA, Inc., a Delaware corporation with its principal place of business in Texas.

14. The sole member of Topgolf Payroll Services, LLC, is Topgolf International, Inc., a Delaware corporation with its principal place of business in Texas.

15. Thus, there is complete diversity between **Plaintiff** (a citizen of **Missouri**) and the named Defendant **Topgolf USA Chesterfield, LLC** (a citizen of **Delaware** and **Texas**), as well as complete diversity between Plaintiff and the proper-but-unnamed defendant **Topgolf Payroll Services, LLC** (a citizen of **Delaware** and **Texas**). *See* 28 U.S.C. § 1332(a)(1).

## II.   AMOUNT IN CONTROVERSY

16. Plaintiff seeks damages under the MHRA resulting from alleged race discrimination, gender discrimination, and retaliation. The MHRA allows for potential recovery of lost back pay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. *See* § 213.111.2, RSMo.

17. The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See*

*Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "What matters is what is possible, not what is likely; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." *Newbauer v. Hill-Rom Co. Inc.*, 2018 WL 2411617, at *1 (D. Minn. May 29, 2018). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

18. As explained below, there is legal certainty in this case that the amount in controversy exceeds $75,000.

19. **Back Pay – Discharge.** The amount in controversy related to Plaintiff's alleged back pay damages alone exceeds $75,000. With respect to back pay, before her employment ended, Plaintiff was paid on an hourly basis at varying rates of pay depending on what position she was performing. In 2019, Plaintiff worked a full year of employment and earned approximately $33,000 in total. The Complaint alleges Plaintiff's employment ended around June 22, 2020, when Plaintiff was allegedly "terminated and/or constructively discharged . . . . ." Petition ¶¶ 54-61. The parties can reasonably expect this case to proceed to trial around 23 months from now,[1] meaning the total time between the end of her employment (June 2020) and trial (around June 2023) would be 36 months, or three years. Based on her historical earnings and the time until trial, the amount of back pay in controversy is **$99,000** ($33,000 per year x 3 years). *See Riffert v. Walgreen Co.*,

---

[1] *See* Table C-5, U.S. District Courts – Median time Intervals From Filing to Disposition of Civil Cases, at p. 5 (available at http://www.uscourts.gov/sites/default/files/data_tables/stfj_c5_630.2017.pdf).

2008 WL 495643 *2 (E.D. Mo., Feb. 20, 2008) (holding that at time of plaintiff's alleged constructive discharge he was earning approximately $37,674 per year, and "even without factoring in increases," plaintiff's back pay alone could exceed the amount in controversy requirement by the time this matter is resolved).

20. **Back Pay – Demotion.** Plaintiff also alleges that she was demoted from a Team Lead position. Petition ¶ 42. Back pay can also be recovered for wages lost due to an illegal demotion, and therefore would further increase the amount in controversy. *See EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992) ("[T]he back pay award should be based on the salary for the position comparable to the one the claimant was unlawfully denied."); *King v. Staley*, 849 F.2d 1143, 1145 (8th Cir. 1988) ("King is entitled to receive backpay equal to the difference between what she would have earned as an Accounting Supervisor and the amount that she earned in mitigation of damages. Moreover, King is entitled to frontpay on this basis until she is placed in a comparable position or declines an offer of comparable employment."); *see Willis v. Watson Chapel Sch. Dist.*, 749 F. Supp. 923, 924 (E.D. Ark. 1990) (ordering the defendant to pay the difference between the plaintiff's current salary and the salary of the position he was not promoted to "until the plaintiff is placed" into the promotional position).

21. **Front Pay.** In assessing the amount in controversy, courts also consider the value of front pay or reinstatement. Plaintiff's Petition explicitly seeks "future lost wages and benefits . . . ." *See* Petition pp. 7, 8, 9. Reinstatement is "the preferable remedy in MHRA claims," but "front pay may be awarded where reinstatement is not feasible." *Walker v. Fed. Express*, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019). Furthermore, if reinstatement was ordered, the value of that remedy should be considered. *Salazar v. Tyson Foods, Inc.*, 985 F. Supp. 2d 996, 1001 (S.D. Iowa 2013) (denying a motion to remand, even though the plaintiff only sought $65,000 in

monetary relief, because the value of non-monetary relief brought the amount in controversy above the jurisdictional threshold). A judgment that requires Defendant to reinstate Plaintiff or to compensate her with front pay damages would result in the above-described back pay damages (approximately $33,000 per year) continuing to be paid for years into the future beyond the trial date, either as wages or to satisfy the judgment. Such an award could also include wages associated with the higher positions Plaintiff alleges she was demoted from. Thus, the amount in controversy due to Plaintiff's potential backpay and front pay recoveries is more than sufficient on their own to surpass the jurisdictional threshold.

22.     **Compensatory Damages.** Additionally, compensatory damages (including emotional distress, as claimed by Plaintiff herein) have been awarded in recent discrimination cases in amounts well in excess of $75,000, even when the only evidence of emotional distress comes from the testimony of the Plaintiff and not an expert witness or treating health care provider. *See, e.g., Sherry v. City of Lee's Summit*, No. WD 83635, 2021 WL 864780, at *10 (Mo. Ct. App. Mar. 9, 2021) (trial court awarded $300,000 in compensatory damages where the employee's lost wages up to trial were only $30,880); *Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 71 (Mo. Ct. App. 2015) (affirming award of $75,000 in compensatory damages and rejecting the employer's argument that the plaintiff did not seek medical attention until after her employment ended).

23.     **Punitive Damages.** Plaintiff also seeks punitive damages under the MHRA, which have been similarly substantial and greater than the amount in controversy threshold in numerous MHRA cases. *See, e.g.*, *McGaughy v. Laclede Gas Co.*, 604 S.W.3d 730, 741 (Mo. Ct. App. 2020) (affirming award under the MHRA of $1.3 million in actual damages and $7.2 million in punitive damages); *Dixson v. Missouri Dep't of Corr.*, 586 S.W.3d 816, 821 (Mo. Ct. App. 2019) (affirming $280,000 in actual damages and $1.2 million in punitive damages); *Mignone v. Missouri Dep't of*

*Corr.*, 546 S.W.3d 23, 32 (Mo. Ct. App. 2018) (affirming $100,000 in actual damages and $1 million in punitive damages); *Diaz*, 484 S.W.3d at 71 (affirming award of $75,000 in compensatory damages and $1 million in punitive damages).

24.     **Attorneys' Fees.** Under the MHRA, a successful plaintiff is also entitled to recover reasonable attorney's fees. If Plaintiff prevails on her discrimination claims at trial, it is also a legal certainty that her attorney's fees themselves will exceed $75,000.00. *See, e.g.*, *Harrison v. Harris-Stowe State Univ.*, 2021 WL 1740798, at *5 (Mo. Ct. App. May 4, 2021) (in MHRA case, affirming trial court's award of $464,012, where the plaintiff's counsel had requested $1,047,553 in fees); *Sherry*, 2021 WL 864780, at *1 (trial court awarded $220,807 in fees); *Mignone*, 546 S.W.3d at 32 (affirming award of $276,186 in attorneys' fees in MHRA case); *Diaz*, 484 S.W.3d at 71 (Mo. Ct. App. 2015) ($243,826 in fees).

25.     Accordingly, there is "legal certainty" that – if Plaintiff prevails on her claims as pled – her various categories of damages and attorneys' fees will cumulatively exceed $75,000. Thus, the jurisdictional amount in controversy requirement is met.

### III.     CONCLUSION

26.     Defendant Topgolf USA Chesterfield, LLC, properly removes this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.[2]

27.     Pursuant to U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice of Removal to counsel for Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

---

[2] Again, Topgolf USA Chesterfield, LLC was fraudulently joined and Topgolf Payroll Services, LLC is the proper "employer" entity that should have been named in this lawsuit.  Removal is appropriate either way, however, because both of these entities and all of their respective members are fully diverse from Plaintiff for purposes of this Court's diversity jurisdiction analysis.

28. Pursuant to 28 U.S.C. 1446(a), Defendant is attaching as Exhibit A copies of all process, pleadings, and orders served.[3]

WHEREFORE, Defendant Topgolf USA Chesterfield, LLC, by and through counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, Eastern Division, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Andrew L. Metcalf*
James M. Paul, #44232
Andrew L. Metcalf, #66079
7700 Bonhomme Avenue, Suite 650
St. Louis MO, 63105
Telephone: 314.802.3935
Facsimile: 314.802.3960
james.paul@ogletree.com
andrew.metcalf@ogletree.com

**ATTORNEYS FOR DEFENDANT**

---

[3] The Complaint served on Defendant did not include page 6. Counsel for Defendant has retrieved a copy of the entire pleading from the state court file, and attached it to Exhibit A.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 28, 2021, the foregoing was electronically filed and service was made via first class U.S. Mail to:

Ryan M. Furniss
The Furniss Law Firm, LLC
7750 Clayton Road, Suite 102
St. Louis, MO 63117

Attorney for Plaintiff

               */s/ Andrew L Metcalf*
               Attorneys for Defendant

47172636.1