

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  21SL-CC01800 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NIARRIE DODDSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RYAN MATTHEW FURNISS<br>7750 Clayton Rd<br>SUITE 102<br>ST LOUIS, MO  63117 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> TOPGOLF USA CHESTERFIELD, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**   TOPGOLF USA CHESTERFIELD, LLC
                               Alias:
**CT CORPORATION SYSTEM**
**120 S. CENTRAL AVENUE**
**CLAYTON, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**21-APR-2021**                                                                            _____
   Date                                                                                                                 Clerk

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
 ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
 ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
 ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____(title).
 ☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____           _____
   Printed Name of Sheriff or Server                                         Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
                    Subscribed and sworn to before me on _____ (date).
      *(Seal)*
                    My commission expires: _____    _____
                                                          Date                                                Notary Public

**Sheriff's Fees, if applicable**
Summons                                $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $_____10.00_____
Mileage                                 $_____  (_____ miles @ $._____ per mile)
**Total**                                  $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **NIARRIE N. DODDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **TOPGOLF USA CHESTERFIELD, LLC,** | ) | |
| | ) | |
| SERVE REGISTERED AGENT: | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, by and through the undersigned counsel, and for her Petition, states the following:

### STATEMENT OF THE CASE

1. Plaintiff Niarrie N. Doddson ("Plaintiff") was an African American employee of Defendant TopGolf USA Chesterfield, LLC ("Defendant").

2. Plaintiff was subjected to racial and gender discrimination in the workplace and complained about these injustices to Defendant.

3. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Human Rights Act.

### JURISDICTION AND VENUE

4. Defendant conducts continuous and systematic business in the state of Missouri.

5. Defendant has in excess of 500 employees.

6. Plaintiff's cause of action arises out of conduct that took place in Saint Louis County, State of Missouri, as Plaintiff was employed by Defendant at 16851 N. Outer 40 Road, Chesterfield, Missouri 63005.

7. Venue is proper in Saint Louis County pursuant to § 213.111.1 RSMo.

8. This Honorable Court has jurisdiction pursuant to § 213.111 RSMo.

9. Plaintiff requested a Notice of Right to Sue from the Missouri Human Rights Commission ("MCHR").

10. Plaintiff subsequently was issued her Notice of Right to Sue letter from the MCHR on January 22, 2021.  See Exhibit 1.

## PARTIES

11. Plaintiff is a resident of the State of Missouri.

12. Defendant is a foreign limited liability company formed under the laws of Delaware.

13. Defendant TopGolf USA Chesterfield, LLC's principal place of business is located in the County of St. Louis, State of Missouri.

14. At all relevant times herein, Plaintiff was employed by Defendant

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is an African American female.

16. Plaintiff was hired in June or July 2018 by Defendant.

17. Plaintiff was hired to be a Bay Host in Chesterfield, MO.

18. In September 2018, Plaintiff was promoted to an Events position.

19. In February 2019, Plaintiff was promoted to a Team Lead position.

20. Sometime in early 2019, another associate made complaints about the workplace to HR.

21. Upon information and belief, this person told HR that they should reach out to Plaintiff for further information.

22. In April 2019, Plaintiff spoke with Defendant's Human Resources (HR) regarding racial issues in the workplace.

23. This included being called "Whoopi" by a supervisor.

24. Plaintiff told this supervisor that his use of this term was not acceptable.

25. Plaintiff informed HR that this term was offensive to her.

26. Plaintiff complained that it was her belief that black associates were disciplined more often and with stiffer punishments.

27. Plaintiff complained that white associates would get away with things that black associates were discipline for.

28. Plaintiff complained that she felt that black associates were more likely to be sent to the bays with black guests.

29. In May 2019, the supervisor that Plaintiff complained about made a comment to several employees that you "don't want to make too many jokes and have someone go to HR about it."

30. This was in direct retaliation for Plaintiff going to HR.

31. This was meant by the supervisor to stifle anyone else going to HR to make complaints.

32. Plaintiff complained about this comment to the Director of Operations.

33. Defendant took no actions against the supervisor for these incidents.

3

34. Plaintiff followed up again with the Director of Operations in August or September 2019 about the racial issues in the workplace.

35. The workplace was filled with racial tension including a white employee telling black employees that it was better for him to handle the "white crowd" and a white male telling a black female to settle her ghetto butt down.

36. On December 31, 2019, the tips were not available for the employees to cash out.

37. Plaintiff reasonably believed that this was a violation of the law because tips belong to the employees.

38. Plaintiff complained about the fact that it was not right for them not to get paid.

39. Plaintiff complained to her supervisor on January 4, 2020 about why Plaintiff was so upset on New Year's Eve.

40. This complaint included telling him about the failure to pay tips.

41. This complaint included telling him about the discrimination issues.

42. After this complaint, Plaintiff was demoted from her Team Lead position.

43. Plaintiff was charged with using profanity during her complaint about wages on New Year's Eve.

44. Other associates regularly use profanity at the workplace.

45. Upon information and belief, white and/or male associates have cursed in the workplace and not been disciplined.

46. The workplace was also filled with sexually charged discussions.

47. A manager made sexual comments about Plaintiff's breasts.

48. Plaintiff attempted to laugh it off and generally tried to avoid this person after that event.

4

49. In January 2020, this manager again made additional sexual comments and hugged Plaintiff.

50. As this person was in management, Plaintiff attempted to kind of laugh it off.

51. However, at this point, Plaintiff had enough about discrimination in the workplace and went back to HR.

52. In March 2020, Defendant temporarily closed due to the Covid-19 pandemic.

53. As a result of the continuing issues with Defendant, Plaintiff filed a Charge of Discrimination on June19, 2020.

54. Defendant reopened on June 22, 2020.

55. As part of the reopening, Defendant required that associates undergo additional training related to Covid procedures.

56. Defendant offered classes to Plaintiff in order to return to work.

57. These class times conflicted with Plaintiff's work schedules.

58. As such, Plaintiff inquired about whether they would offer any weekend sessions or willing to counsel her individually.

59. Defendant refused.

60. Upon information and belief, Defendant did provide a special time for a white male associate to have his Covid training.

61. Plaintiff was terminated and/or constructively discharged as a result of not attending the training.

62. Defendant's reasons for Plaintiff's demotion and subsequent termination are pretextual and/or false.

63. Plaintiff was demoted and/or terminated in violation of one or more of the following laws:

## COUNT I

**(Missouri Human Rights Act: Race Discrimination)**

64. Plaintiff restates and realleges paragraphs 1-63 of this Petition as if fully stated herein.

65. Plaintiff, by virtue of her African American race, is a member of a class of persons protected by the MHRA, R.S.Mo. § 213.010 *et seq*.

66. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on Plaintiff's race, including, but not limited to, being disciplined, demoted, and terminated.

67. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

68. Plaintiff's race was a motivating factor in the tangible employment actions, including, but not limited to, termination.

69. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

70. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

71. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment,

anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

72. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT II

### (Missouri Human Rights Act: Gender Discrimination)

73. Plaintiff restates and realleges paragraphs 1-63 of this Petition as if fully stated herein.

74. Plaintiff, by virtue of her gender, is a member of a class of persons protected by the MHRA, R.S.Mo. § 213.010 *et seq*.

75. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on Plaintiff's gender, including, but not limited to, being disciplined, demoted, and terminated.

76. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

77. Plaintiff's gender was a motivating factor in the tangible employment actions, including, but not limited to, termination.

78. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

79. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of gender.

80. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

81. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Missouri Human Rights Act, and all other relief deemed just and equitable.

### COUNT III

**(Missouri Human Rights Act – Retaliation)**

82. Plaintiff restates and realleges paragraphs 1-63 of this Petition as if fully stated herein.

83. Plaintiff engaged in protected activities, including, but not limited to, making complaints about discrimination in the workplace.

84. As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, discipline, demotion, and termination from employment by Defendant.

85. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to: past and future wage loss; past and future earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

86. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Missouri Human Rights Act, and all other relief deemed just and equitable.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

*/s/ Ryan M. Furniss*
Ryan M. Furniss (MO #53787)
7750 Clayton Road, Suite 102
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jrakoff@furnisslaw.com

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Niarrie N. Doddson
10114 Saffron Drive
St. Louis, MO  63136

RE:   Doddson vs. TopGolf USA Chesterfield, LLC dba Topgolf
      FE-6/20-31972    560-2020-01987

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

*[signature]*

Alisa Warren Ph.D.                                January 22, 2021
Executive Director                                Date

TopGolf USA Chesterfield, LLC dba Topgolf        Ryan M. Furniss
16851 North Outer 40 Road                         The Furniss Law Firm, LLC
St. Louis, MO  63005                              7750 Clayton Rd., Suite 102
                                                  St. Louis, MO  63117
                                                  *Via email*

| ☐ JEFFERSON CITY OFFICE | ☐ ST. LOUIS OFFICE | ☑ KANSAS CITY OFFICE | ☐ SIKESTON OFFICE |
|---|---|---|---|
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

*Return* SB 5/21



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOSEPH L. WALSH III | Case Number: 21SL-CC01800 |
| Plaintiff/Petitioner: NIARRIE DODDSON | Plaintiff's/Petitioner's Attorney/Address RYAN MATTHEW FURNISS 7750 Clayton Rd SUITE 102 ST LOUIS, MO 63117 |
| vs. | |
| Defendant/Respondent: TOPGOLF USA CHESTERFIELD, LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: TOPGOLF USA CHESTERFIELD, LLC
Alias:

CT CORPORATION SYSTEM
120 S. CENTRAL AVENUE
CLAYTON, MO 63105

30 CTCOR VW

*COURT SEAL OF ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

21-APR-2021
Date                                                                          Clerk

APR 26 2021

**Further Information:**
MT

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
- I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **LCW - B. LOVE** (name) **INTAKE SPECIALIST** (title).
☐ other _____

Served at **CT CORPORATION** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **APR 29 2021** (date) at **9 AM** (time).

_Tom D_____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.

(Seal)     Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                     Date                          Notary Public

2021 APR 29 AM 10:15 ST. LOUIS COUNTY SHERIFF OFFICE RECEIVED

**FILED**
APR 30 2021
JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

St. Louis County
CI CORPORATION

FEB - 9 2021

FEB 5 8 2021

MIKE SPECIALI